■ JOSEPH M. FEIGEN et al., Respondents, v ADVANCE CAPITAL MANAGEMENT CORP. et al., Appellants.—Order of the Supreme Court, New York County (Myriam J. Altman, J.), entered on or about November 30, 1987, which granted plaintiffs' motion for leave to serve an amended complaint to the extent of permitting them to assert certain claims against

defendants Synergy Group Incorporated and Synergy Gas Corporation, is unanimously reversed on the law to the extent appealed from, and the motion for leave to serve an amended complaint as to the Synergy defendants is denied in full, with costs and disbursements.

The original complaint, dated January 31, 1985, asserted 10 causes of action for breach of contract, breach of fiduciary duty, and breach of trust obligation arising out of the alleged breach of plaintiffs' employment agreements by defendants therein. Defendants Synergy Group Incorporated and Synergy Gas Corporation thereafter moved to dismiss the complaint as to them on the ground that neither of those entities executed nor was mentioned in the employment agreements in question. In a memorandum opinion dated May 17, 1985, the Supreme Court (Robert E. White, J.), granted the motion concluding that:

"Defendants Synergy Group Inc. and Synergy Gas Corp. move pursuant to CPLR 3211 (a) (1) and 3211 (a) (7) dismissing the action as to them on the respective grounds of a defense based on documentary evidence and failure to state a cause of action.

"This is an action for breach of contract arising out of employment agreements entered into between plaintiffs and defendant Advance Capital Management Corp.

"The argument advanced by defendants for the requested relief and verified by papers before the court in the form of plaintiffs' verified complaint and a copy of the employment agreement alleged to have been breached and reveal that no contractual relationship existed between plaintiffs and the moving defendants.

"Consequently, no cause of action for breach of an agreement to which defendants are not signatories can lie, and the complaint does not in any allegation direct the wrongs asserted against these defendants. The reference in the complaint to these defendants as subsidiaries of defendant Advance Capital Management Corp. and as issuing checks to plaintiffs is insufficient in the absence of a demonstrated contractual relationship to support a cause of action for breach of such agreement (see Bethlehem Steel Corp. v. Solo[w], 51 NY2d 870, 872).

"Accordingly, the motion is granted and the complaint as to the moving defendants is severed and dismissed."

The court did not grant permission to plaintiffs to replead, and judgment was entered on November 1, 1985 dismissing

the complaint as to the Synergy defendants. Although plaintiffs subsequently filed a notice of appeal, the appeal was never perfected. By notice of motion dated May 1, 1987, 1½ years after entry of judgment dismissing the case against the Synergy defendants, plaintiffs moved, among other things, for leave to serve an amended complaint reinstating their claims against the Synergy defendants. In that regard, plaintiffs contend that the prior dismissal was without prejudice, and, moreover, the proposed amendment primarily adds new legal theories derived from the same set of circumstances, transactions and facts set forth in the original complaint. The Supreme Court granted the motion in part, determining that while the first through fourth and tenth causes of action could not be maintained against the Synergy defendants because these claims were essentially similar to those asserted in the original complaint, plaintiff would be allowed to plead new causes of action founded in tortious interference with contract, conversion, replevin, unjust enrichment, fraud, wrongful diversion and conspiracy, which allegations assert "more than a mere claim for breach of contract".

However, the New York State Court of Appeals has applied a transactional approach to deciding res judicata issues *(Matter of Reilly v Reid,* 45 NY2d 24). Thus, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357; *see also, Smith v Russell Sage Coll.,* 54 NY2d 185). An examination of Justice White's ruling clearly demonstrates that dismissal of the claims against the Synergy defendants was not merely because of technical pleading defects but on the merits for res judicata purposes, and indeed, the court declined to grant leave to plaintiffs to replead. As the Court of Appeals has declared, "although the prior judgment of Supreme Court does not specifically recite that it is 'on the merits', that judgment should be given *res judicata* effect in order to prevent the plaintiff from circumventing the preclusion decree" *(Barrett v Kasco Constr. Co.,* 56 NY2d 830, 831). Further, "CPLR 5013 does not require that the prior judgment contain the precise words 'on the merits' in order to be given *res judicata* effect; it suffices that it appears from the judgment that the dismissal was on the merits" *(Strange v Montefiore Hosp. & Med. Center,* 59 NY2d 737, 739).

Since the Supreme Court concluded that plaintiffs could not assert viable claims against the Synergy defendants arising

out of the facts and transactions set forth in the original complaint, it was incumbent upon plaintiffs to challenge that ruling on appeal. Having failed to do so, they are now precluded by res judicata from repleading against the dismissed parties notwithstanding that different theories are being alleged or different remedies are being sought. Therefore, plaintiffs' motion for leave to serve an amended complaint should have been denied in full as to the Synergy defendants. Concur —Sullivan, J. P., Ross, Milonas, Kassal and Ellerin, JJ.