■ FENDT FINDING COMPANY, INC., Respondent, v PRIVATE BRANDS, INC., Appellant, et al., Defendant.—Appeal by defendant Private Brands, Inc., from an order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered July 17, 1990, which, *inter alia,* granted plaintiff's motion for summary judgment is deemed an appeal from the judgment of the same court, entered July 20, 1990, and said judgment, is unanimously reversed, on the law, as to defendant Private Brands, Inc., and plaintiff's motion for summary judgment is denied as to said defendant, without costs or disbursements.

Order of the same court and Justice, entered February 6, 1991, which denied defendant's motion to renew and reargue and to vacate the prior order and judgment is unanimously modified, on the law and facts, solely to the extent of vacating said judgment, and otherwise affirmed, without costs or disbursements.

Plaintiff's complaint alleges in the first cause of action a claim against Firenze Imports, Inc. for goods sold and delivered to Firenze and a claim against Private Brands, Inc. upon that corporation's alleged guarantee of Firenze's debt. The second cause of action against both defendants was on a theory of account stated.

Plaintiff moved for summary judgment against both defendants. In his affidavit, its vice-president, Thomas Hassett, asserted that when Firenze reached a $40,000 credit limit on its account with plaintiff, plaintiff had insisted upon a guarantee of Firenze's debt from Firenze's main customer, defendant Private Brands, before extending any further credit to Firenze. Plaintiff asserted it received such a guarantee in the following letter from Private Brands' vice-president, Nat Schlesinger, addressed to plaintiff: "This is to confirm that we authorized Mr. Eli Aran to purchase merchandise findings for Private Brands, Inc. We undertake to pay all the invoices. Please send all bills directly to us."

Eli Aran was Firenze's president, but such official capacity was nowhere mentioned in the letter; further, while the letter directed plaintiff to send invoices to Private Brands, it was silent as to where the goods should be shipped.

Plaintiff also presented invoices, purportedly showing a balance of $46,275.52 for goods shipped. The invoices appear to indicate that most, if not all the goods, were shipped to Firenze and there was no claim that the goods were shipped to Private Brands. Plaintiff's affiant was also completely silent about whether the invoices and/or statements of account were sent to defendant, or any reaction by defendant thereto.

The IAS court granted plaintiff's motion for summary judgment against both defendants (against Firenze upon default), and denied defendant Private Brands' cross-motion to dismiss the complaint.

Defendant Private Brands thereafter moved for reargument and renewal and pursuant to CPLR 5015 (a) on grounds of newly-discovered evidence and plaintiff's misconduct, to vacate the prior order and the judgment and to either dismiss the complaint against it or to set the matter down for a traverse hearing as to the issue of proper service.

The IAS court denied defendant Private Brands' motion to reargue, renew and vacate.

We find the *nisi prius* court misconstrued defendant Private Brands' contention, that the September 16, 1987 letter was insufficient to serve as a guarantee, to be merely a Statute of Frauds defense, waived under CPLR 3211 (e). That letter was plaintiff's *only* proof of any guarantee, *oral or written,* and therefore, Private Brands' assertion constituted a complete defense to any liability on its part. Further, since the letter does not mention Firenze at all, plaintiff did not conclusively establish the fact that Private Brands had agreed to answer for Firenze's debts. This interpretation of the letter is in accord with the rule that guarantees are to be strictly construed *(see, Fehr Bros. v Scheinman,* 121 AD2d 13; *Key Bank v Burns,* 162 AD2d 501). The IAS court's grant of summary judgment upon this letter "guarantee" as to the invoice of approximately $13,000, dated prior to the date of the letter, was also plainly erroneous.

Further, summary judgment could not be granted against Private Brands on an account stated theory, since, as noted, *supra,* plaintiff's papers on the initial motion failed to assert that the invoices had been sent to said defendant, let alone retained by it without objection.

However, we are not persuaded by defendant Private Brands, that it was entitled to a dismissal of the complaint against it on the theory that the September 16, 1987 letter constituted at most the creation of a limited agency in Eli

Aran; that plaintiff, dealing with an agent, was doing so at its peril *(see, Ford v Unity Hosp.,* 32 NY2d 464); and that as plaintiff made no inquiries as to Aran's authority in the relevant four months (September-December, 1987), it must suffer the loss.

While plaintiff submitted no opposition to the cross-motion to dismiss based upon personal knowledge of the facts, the letter, and the overall circumstances herein raise an issue as to whether the disputed shipments fall within Private Brands' undertaking to pay all invoices on goods ordered by Aran. Contrary to defendant's contention, the letter does not require such goods to be shipped to it. Nor did defendant ever assert at the IAS court that plaintiff had failed to inquire as to Aran's authority. The account stated cause of action remains viable since Private Brands did not deny receipt of the invoices on the initial motion, but only on the renewal motion.

While Private Brands has appealed from the order granting summary judgment and not the subsequent judgment, we deem it an appeal from the July 20, 1990 judgment, as that was merely a subsequent ministerial act *(see, National Bank v Kory,* 63 AD2d 579).

While we find summary judgment in plaintiff's favor was improvidently granted, the IAS court was correct in denying the renewal-vacatur motion. Defendant never substantiated an improper service defense in opposition to the initial motion, and the court had before it the then unrebutted affidavit of service. Therefore, that affirmative defense was not an obstacle to summary judgment in favor of plaintiff *(see, Zuckerman v City of New York,* 49 NY2d 557). Nor could defendant wait to raise this defense until a renewal motion, after the grant of summary judgment, giving no excuse for having failed to raise it on the initial motion *(300 W. Realty Co. v City of New York,* 99 AD2d 708). Defendant may have had an excuse for its earlier nonproduction of Firenze's $50,000 check and UPS receipt for return of $16,300 in goods. This, however, is doubtful as such issues were raised in the original answers in this action. In any event, the court was correct in finding defendant had failed to establish that these documents related to the subject invoices—disputed goods. In addition, we note that although defendant purportedly received these documents from Firenze's principal, it failed to offer an affidavit from that individual detailing the origin and background of these two documents. Concur—Murphy, P. J., Wallach, Kupferman, Asch and Smith, JJ.