■ Louis C. Papa, Appellant, v Kenneth D. Burrows et al., Respondents.—Judgment, Supreme Court, New York County (David B. Saxe, J.), entered December 5, 1991, dismissing the complaint with prejudice and imposing costs and sanctions against plaintiff in the amount of $5113.18, unanimously affirmed, with costs. The appeal taken from the order of the same court, entered October 28, 1991, is deemed to be taken from said judgment (Fendt Finding Co. v Private Brands, 182 AD2d 548).

The complaint is barred by res judicata, a previous complaint, almost identical to the present complaint, having been dismissed "without leave to replead" for failure to state a cause of action. Even assuming that the denial of leave to replead is not, in itself, absent an express indication that the dismissal is "with prejudice", sufficient to bar a second complaint (see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.33, at 32-105—32-106), still the dismissal of the first complaint is res judicata since no substantively new or different allegations were asserted (Flynn v Sinclair Oil Corp., 20 AD2d 636, 637, affd 14 NY2d 853).

Since the second complaint added nothing new of substance to distinguish it from the first, its service was frivolous and supports the award of sanctions. Plaintiff was not deprived of a meaningful opportunity to be heard on the question of sanctions. Sanctions were requested in defendants' moving papers to which plaintiff had a full opportunity to respond, and the court then permitted further submissions on the issue.

We have considered the remaining arguments and find

them to be without merit. Concur—Ellerin, J. P., Wallach, Ross and Kassal, JJ.