*976 OPINION OF THE COURT
Harold Tompkins, J.
This action raises the issue under which the doctrines of res judicata and collateral estoppel affect the imposition of sanctions based on the deliberate prolongation of frivolous litigation and the harassment of the opposing parties.
The defendant Kramer, Levin’s motion to dismiss International 800’s complaint is based on collateral estoppel. The defendant Bowne’s motion to dismiss the complaint is based on res judicata and collateral estoppel and seeks sanctions against plaintiff International 800 Telecom Corp. International 800 also moves to vacate the order of Justice George Bergerman dated June 25, 1992 in Supreme Court, Rockland County which granted on default defendant Peat Marwick’s motion to dismiss the complaint based on collateral estoppel and Peat Marwick in its papers seeks sanctions. All of these motions are consolidated for disposition and decided as noted below.
The initial action, Bowne of N Y. v International 800 Telecom Corp., commenced May 26, 1988 in Supreme Court, New York County, involved a claim for breach of contract for financial printing services rendered to International 800. Bowne is a financial printer and the services it rendered to International 800 were in connection with International 800’s initial public offering of stock. The action was tried before this court and a jury from May 2, 1990 to May 21, 1990 and Bowne obtained a verdict of $326,453.78. This court by order dated September 25, 1990 denied International 800’s motion to set aside the jury’s verdict, deferring to the jury’s credibility determination. On appeal, the judgment was affirmed (178 AD2d 138 [1st Dept 1991]).
The legal work for the initial public offering was done by the law firm of Kramer, Levin, Nessen, Kamin & Frankel. Kramer, Levin also commenced an action for unpaid legal fees in Supreme Court, New York County. International 800 defaulted in answering and by order dated July 19, 1991, this court declined to vacate the default on liability. A nonjury trial on damages was held before this court from December 17, 1991 through January 16, 1992. International 800 had a full opportunity to present evidence on damages and in mitigation in accordance with Rokina Opt. Co. v Camera King (63 NY2d 728 [1984]). Both Kramer, Levin and International 800 submitted extensive documents, posttrial briefs, written summations and proposed findings of fact and conclusions of law.
*977 After reviewing the extensive documentary evidence and legal authority submitted by Kramer, Levin and International 800, this court issued a decision on March 2, 1992, finding in favor of Kramer, Levin for the amount it sought, $109,344.83.
While the matter was sub judice, International 800 commenced this action in Supreme Court, Rockland County against Kramer, Levin, Bowne, Stanley Scheinman, International 800’s former chairman and president who hired Kramer, Levin to perform the legal work for the stock offering, Richard Bertoli, a consultant to International 800 and KPMG Peat Marwick, the accountant on the stock offering. The complaint alleges that the printing fees and the attorneys’ fees charged by Bowne and Kramer, Levin, respectively, and the accounting fees charged by Peat Marwick were intentionally and fraudulently understated in the S-l registration statement.
Kramer, Levin and Bowne then sought relief in this court to enjoin any further action by International 800 in the new case in Rockland County prosecuting the action. The Appellate Division dismissed International 800’s CPLR article 78 proceeding to prohibit this court from deciding Bowne and Kramer, Levin’s motions to enjoin International 800 from proceeding with the action in Rockland County and to dismiss (Matter of International 800 Telecom Corp. v Tompkins, 183 AD2d 1110). Peat Marwick moved in Supreme Court, Rock-land County pursuant to CPLR 3211 (a) (5) for dismissal of the complaint against it based on collateral estoppel and for sanctions. The motion was granted on default by Justice George Bergerman in Supreme Court, Rockland County.
In its decision of June 9, 1992 in Bowne of N. Y. v International 800 Telecom Corp. (NYLJ, July 7, 1992, at 30, col 1), this court set forth the procedural history of the litigation involving the printing services and legal services rendered to International 800. The opinion held that the action commenced by International 800 in Rockland County alleging fraud and overcharging by Bowne, Kramer, Levin and Peat Marwick were sufficiently related to the actions of Bowne of N. Y. v International 800 Telecom Corp. and Kramer, Levin, Nessen, Kamin & Frankel v International 800 Telecom Corp. that there should be a judicial determination of relatedness for assignment under the Individual Assignment System. Judicial determination of a relatedness claim has been approved in Matter of Morfesis v Wilk (138 AD2d 244 [1st Dept 1988]). *978 Bowne and Kramer, Levin moved before this court to transfer the Rockland County action to this court as a related action. After oral argument on the record on July 8, 1992, this court determined that International 800 Telecom Corp. v Kramer, Levin, Nessen, Kamin & Frankel was a related action and granted the motions to transfer this action from Rockland County to this court.
Bowne asserts that the claims against it are barred by res judicata and also by collateral estoppel. Bowne obtained a judgment for breach of contract against International 800 and this judgment has been affirmed on appeal. It contends that the claims of fraud and overbilling were raised in its contract action against International 800. It claims that the jury determination finding that upheld its claim and awarded it damages necessarily determined and rejected these assertions.
Similarly, Kramer, Levin notes that the present claims against it for fraud and overbilling were raised in its prior action against International 800 for unpaid legal fees. It asserts that the court’s judgment after an extensive nonjury hearing rejected these claims and upheld the reasonable value of its fees.
Peat Marwick relies on the judgments against International 800 in the Bowne and Kramer, Levin actions. It contends, while it was not a party to the two prior actions, that these actions have resolved the issue that there was no conspiracy to inflate bills and that International 800 may not relitigate this issue that was determined against it.
Plaintiff International 800 states its claims are not barred by either res judicata or collateral estoppel. It cites inconsistencies in the trial testimony of Richard Rainford, Bowne’s vice-president, in the Bowne of N. Y. v International 800 Telecom Corp. action. It asserts that his statements on cross-examination are evidence that Stanley Scheinman, Bowne’s president, conspired on Bowne’s behalf with Kramer, Levin and Peat Marwick to materially misstate the expenses in connection with the stock offering.
Res judicata and collateral estoppel are related doctrines that are based on the principle that a party should not be permitted to relitigate an issue decided against it (see, D’Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659 [1990]; Ryan v New York Tel. Co., 62 NY2d 494 [1984]). Res judicata or claim preclusion embodies the idea that a judgment between the same parties resolves all other claims arising out of *979 the same transaction (Ryan v New York Tel. Co., supra; Sound Distrib. Corp. v Ponce Acquisition Corp., 179 AD2d 469 [1st Dept 1992]). Collateral estoppel or issue preclusion prevents relitigation by a party of an issue decided against it in prior litigation in which it had a full and fair opportunity to litigate the issue (Ryan v New York Tel. Co., supra; People v Trans World Airlines, 171 AD2d 76 [1st Dept 1991]). These doctrines avoiding the unfairness of allowing a party to obtain multiple hearings on the same issues prevent inconsistent results and conserve judicial resources (see, Ryan v New York Tel. Co., supra; Murray v National Broadcasting Co., 178 AD2d 157 [1st Dept 1991]).
New York law has a transactional analysis approach to res judicata issues under which all claims which could have been brought out of a transaction are barred by a prior final resolution of the action (Sound Distrib. Corp. v Ponce Acquisition Corp., supra; O’Brien v City of Syracuse, 54 NY2d 353 [1981]). This furthers the interest of finality. Bowne’s prior judgment on its contract claim against International 800 necessarily determined that there was no overcharging by Bowne (see, Siegel, NY Prac § 447 [2d ed]). While International 800 cites testimony by Bowne’s vice-president that supports its claim, the jury in that action resolved the conflicting testimony and decided to accept Bowne’s claim as legitimate. It is precisely to avoid relitigating cases ad infinitum that the doctrine of res judicata developed. International 800 has had its day in court against Bowne. Since it is not entitled to a second opportunity to retry the action, Bowne’s motion for summary judgment dismissing the complaint is granted.[1]
A party seeking the benefit of collateral estoppel must show the same issue was explicitly or necessarily decided in the prior litigation and it is dispositive in the present case (D’Arata v New York Cent. Mut. Fire Ins. Co., supra; People v Trans World Airlines, supra; Siegel, op. cit., § 464). Secondly, there must have been a full and fair opportunity to contest the prior determination. The burden is on the party seeking to defeat the preclusion to show that it did not have a full or fair opportunity (D’Arata v New York Cent. Mut. Fire Ins. Co., supra; Halyalkar v Board of Regents, 72 NY2d 261 [1988]).
Prior to the nonjury trial of Kramer, Levin, Nessen, Kamin *980 & Frankel v International 800 Telecom Corp., International 800 moved to vacate its default in answering Kramer, Levin’s complaint for legal fees. This court denied its motion since International 800 did not raise any meritorious defense on liability but solely challenged the reasonable value of Kramer, Levin’s attorneys’ fees. The action was then tried before this court for seven days with numerous exhibits and posttrial briefs. International 800 raised the issue of excessive fees and overcharging in its testimony through cross-examination and in its briefs. This court’s decision of March 2, 1992 with the factual findings and conclusions of law in favor of Kramer, Levin determined the issue of purported overbilling by Kramer, Levin. Since International 800 had a full and fair opportunity to raise the overbilling issue and it was unsuccessful on the merits, Kramer, Levin’s motion to dismiss must be granted.
Peat Marwick obtained an order in Supreme Court, Rock-land County granting the dismissal of International 800’s claim against it on default. To vacate this default, International 800 must now establish both a meritorious cause of action and a justifiable excuse for the default pursuant to CPLR 5015. Although a legitimate excuse for the default has been shown, International 800 has not shown a meritorious cause of action. It has failed since its claim of a conspiracy to overcharge between Bowne, Kramer, Levin and Peat Marwick cannot be sustained. The court’s prior determinations in two trials have established that neither Bowne nor Kramer engaged in overcharging. Since Peat Marwick cannot have engaged in a conspiracy that this court has determined did not exist, collateral estoppel compels the conclusion that International 800 lacks a meritorious claim against Peat Marwick and its motion to vacate the dismissal of its complaint against Peat Marwick is denied.
Finally, both Bowne and Peat Marwick seek sanctions under 22 NYCRR 130-1.1 against International 800. Kramer, Levin does not seek sanctions. However, the factual background of this case indicates that it was interposed without any basis. The action was instituted in Rockland County, apparently to avoid the assignment of this case to this court by the clerk’s office as a related action to the two prior actions against International 800.[2] A Justice in Rockland County *981 would necessarily have been less familiar with this history. It would naturally have taken a significant amount of time for a new Justice to read and research the issues in this case and relate them to the prior actions. The court must come to the conclusion that this action was undertaken for the purposes of harassing the successful parties in the prior actions, delaying final resolution of the matters between them and instituted without any genuine basis in law or fact. The court imposes sanctions against International 800 and its counsel John Gitlin, Esquire jointly and severally[3] and in favor of Bowne and Peat Marwick in the amount of $2,500 each for a total of $5,000 (see, Papa v Burrows, 186 AD2d 375 [1st Dept 1992]).

. In addition to res judicata, Bowne would also be entitled to dismissal on the narrow issue of preclusion grounds as well (see, People v Trans World Airlines, supra).

. The lack of relationship to Rockland County is evident in the fact that plaintiff is a Delaware corporation, defendants Bowne, Kramer, Levin and *981 Peat Marwick are all New York County residents, defendant Scheinman, a resident of Connecticut, has never been served, and defendant Bertoli, although a resident of New York State, has never been served.

. Mr. Gitlin appeared as cocounsel in both trials, Bowne of N. Y. v International 800 Telecom. Corp. and Kramer, Levin v International 800, and in this third action. He is a member of the Texas Bar and was admitted pro hac vice. He has had three different New York cocounsel. Papers have been submitted by him and in his behalf at every stage of this proceeding and he is therefore equally responsible for commencing this harassing lawsuit. While each of the three New York counsel was only involved in a portion of the litigation involving International 800, Mr. Gitlin has been involved over the entire litigation process and was thereby aware of the lack of any legitimate basis for International 800’s claim.