■ GERTRUDE K. LAMPERT, as Executrix of LAURENCE L. LAMPERT, Deceased, et al., Appellants, v AMBASSADOR FACTORS CORPORATION, Doing Business as AMBASSADOR FACTORS, a Division of FINOVA CAPITAL CORPORATION, et al., Defendants, and MAHONEY COHEN RASHBA & POKART, P. C., Formerly Known as MAHONEY COHEN & COMPANY, et al., Respondents. [698 NYS2d 234] —Order, Supreme Court, New York County (Carol Huff, J.), entered August 10, 1998, which, in an action seeking, as relevant to this appeal, damages for fraud against an accounting firm and its principal, granted such defendants' motion to dismiss the complaint as against them on the ground of res judicata, unanimously affirmed, without costs.

We agree with the IAS Court that this Court's dismissal, pursuant to CPLR 3211 (a) (7) and 3016 (b), of plaintiffs' decedent's prior action for fraud and accounting malpractice against the moving defendants (*Lampert v Mahoney, Cohen & Co.*, 218 AD2d 580) constitutes res judicata barring the instant action. The two actions are based on the same transactions, and the dismissal of the prior action, to the extent based on the absence of any allegation in the prior complaint that the plaintiff had "undertake[n] an independent appraisal of the risk he was assuming" in the subject transactions (*supra*, at 582), was not merely for a technical pleading defect, but manifestly on the merits, based on a finding that plaintiff's failure to exercise such due diligence precluded him from prevailing on his fraud cause of action against such defendants, regardless of what other facts he might allege (*see, Bluebird Partners v First Fid. Bank*, 259 AD2d 273, 274, citing *Feigen v*

*Advance Capital Mgt. Corp.*, 146 AD2d 556, 558-559). Even if this Court's dismissal of the prior action might not be deemed to have precluded plaintiffs' decedent from filing a second complaint alleging that he had conducted a due diligence investigation, the current complaint, in this respect, "fails to correct the defect or supply the omission determined to exist in the earlier complaint" (*175 E. 74th Corp. v Hartford Acc. & Indem. Co.*, 51 NY2d 585, 590, n 1), and is therefore barred (*see, Papa v Burrows*, 186 AD2d 375, *lv denied* 81 NY2d 707, citing *Flynn v Sinclair Oil Corp.*, 20 AD2d 636, 637, *affd* 14 NY2d 853; 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.11). Since the doctrine of res judicata requires dismissal of the instant action, we have no occasion to address the branch of defendants' motion seeking dismissal of the current complaint for legal insufficiency. Concur—Sullivan, J. P., Wallach, Rubin, Saxe and Friedman, JJ.