■ STATEN ISLAND SAVINGS BANK, Appellant, v TRI-STATE POWER WASH, INC., et al., Defendants, and ROSEANN CRETELLA, Respondent. [728 NYS2d 53] —In an action, *inter alia,* to recover payment on a personal guaranty, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Rosenberg, J.), dated November 6, 2000, as denied that branch of its motion which was for summary judgment against the defendant Roseann Cretella and granted the cross motion of that defendant to dismiss the action insofar as asserted against her pursuant to CPLR 3211.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3213 melds pleading and motion practice into one step, allowing a summary judgment motion to be made before issue is joined (*see, Weissman v Sinorm Deli,* 88 NY2d 437, 443; *cf.,* CPLR 3212). "[I]f plaintiff's claim plainly fails on the merits, the court can grant summary judgment for defendant, denying the motion and dismissing the action" (*Weissman v Sinorm Deli, supra,* at 445; *see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3213:11, at 509).

The plaintiff, *inter alia,* sought to recover payment on a personal guaranty signed by the defendant Roseann Cretella. However, the guaranty does not name the borrower or principal obligor for whose benefit it was given. To sustain its initial burden of demonstrating its entitlement to judgment as a matter of law, the plaintiff had to prove the existence of an underlying obligation, a guaranty, and the failure to make payment in accordance with its terms (*see,* CPLR 3213; *E.D.S. Sec. Sys. v Allyn,* 262 AD2d 351).

The plaintiff was properly denied summary judgment against Cretella. Because the guaranty signed by Cretella did not name a borrower or principal obligor, the plaintiff did not establish

that an obligation of the defendant Tri-State Power Wash, Inc. (hereinafter Tri-State), was the underlying obligation. Therefore, the plaintiff did not establish that Cretella had agreed to answer for the debts of Tri-State (*see, Fendt Finding Co. v Private Brands,* 182 AD2d 548). Furthermore, the plaintiff did not produce any evidence of Cretella's failure to make payment in accordance with the terms of the guaranty, since it listed no borrower or principal obligor.

The Supreme Court properly construed Cretella's cross motion as one pursuant to CPLR 3211 (a) (1), as it was based upon the gap in the guaranty at issue, i.e., the lack of the name of the borrower or principal obligor. The lack of a borrower or principal obligor on the guaranty constitutes a complete defense to any liability on Cretella's part. Therefore, the cross motion was properly granted.

The plaintiff's remaining contentions are without merit. Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.