■ STANLEY SCHAFFER, Respondent-Appellant, v MONROE SCHAFFER, Defendant, and HARVEY FINKELSTEIN, Appellant-Respondent. [757 NYS2d 332] —In an action, inter alia, to recover on three promissory notes, the defendant Harvey Finkelstein appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Westchester County (Rudolph, J.), entered February 27, 2002, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and (2) a judgment of the same court, dated November 7, 2002, as, upon the granting of the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law at the close of evidence, is in favor of the plaintiff and against him in the principal sum of $75,000, and the plaintiff cross-appeals from the order entered February 27, 2002. The notice of appeal from the order entered February 27, 2002, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the cross appeal is dismissed, without costs or disbursements, as it was withdrawn at oral argument; and it is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant Monroe Schaffer was the obligor of three promissory notes evidencing loans to himself and to his business Schaffer Grocery Corporation (hereinafter Schaffer Grocery). Pursuant to an "Indemnification Agreement" (hereinafter the agreement) between Monroe Schaffer and the defendant Harvey Finkelstein, Monroe Schaffer's partner in Schaffer Grocery, Finkelstein agreed to pay 50% of the aggregate of certain loans which Schaffer had "personally guaranteed." These loans were listed on an attached "Schedule A," and included the three subject promissory notes.

The plaintiff, the assignee of the promissory notes, made a demand for their payment, which was refused. The plaintiff then commenced this action against Monroe Schaffer and Finkelstein for payment of the notes. Monroe Schaffer cross-claimed for indemnification from Finkelstein pursuant to the agreement. Finkelstein answered, and moved for summary

judgment on the grounds that Monroe Schaffer was the obligor, not the guarantor, of the three notes, and the agreement only required Finkelstein to indemnify Monroe Schaffer for notes that he had personally guaranteed, and that there was no consideration for the agreement.

We agree with the Supreme Court that an issue of fact exists regarding whether the parties intended that all of the loans listed in schedule A would be covered by the agreement. In addition, there are disputed issues of fact regarding whether consideration was given for the agreement. Accordingly, summary judgment was properly denied (*see Weissman v Sinorm Deli,* 88 NY2d 437, 438 [1996]; *Staten Is. Sav. Bank v Tri-State Power Wash,* 284 AD2d 527 [2001]).

Finkelstein's remaining contentions are either unpreserved for appellate review or are without merit. Prudenti, P.J., Smith, McGinity and Cozier, JJ., concur.