■ 11 ESSEX STREET CORP., Respondent, v TOWER INSURANCE COMPANY OF NEW YORK, Appellant. [894 NYS2d 45]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered October 16, 2008, which, in an action by a building owner (11 Essex) against, inter alia, an adjoining property owner (7 Essex) to recover property damages allegedly caused by the negligent performance of excavation work on 7 Essex's property, denied the motion of 11 Essex's property insurer (Tower) to intervene as a plaintiff so as to assert a potential subrogation claim against 7 Essex, unanimously affirmed, with costs. Order, same court and Justice, entered November 5, 2008, which, in an action by 11 Essex against Tower for breach of a policy of property insurance, denied Tower's motion to amend its answer so as to include affirmative defenses asserting the policy's exclusions for negligent work and for wear and tear, with leave to renew as to the proposed negligent work defense upon submission of an expert's affidavit, unanimously reversed, on the law, without costs, and the motion is granted in all respects.

Tower should not be allowed to intervene in 11 Essex's tort action against 7 Essex. First, the policy limits Tower's right of subrogation to payments it makes under the policy, and no such payments have yet been made (see Humbach v Goldstein, 229 AD2d 64, 66 [1997], lv dismissed 91 NY2d 921 [1998]). Second, based on evidence obtained in 11 Essex's tort action against 7 Essex, Tower now disclaims coverage for the same reason that 7 Essex denies fault—that 11 Essex destabilized its own building by lowering its basement floor below the foundation wall level after 7 Essex's engineer had inspected the basement and just before commencement of the excavation work on 7 Essex's property, without disclosing to 7 Essex its intention to perform such lowering work and the resulting need for 7 Essex to revise its underpinning plan. Such disclaimer tends to ally Tower with 7 Essex's defenses to 11 Essex's tort claims, raising a potential conflict of interest between Tower and its insured, 11 Essex (cf.

*Berry v St. Peter's Hosp. of City of Albany*, 250 AD2d 63 [1998], *lv dismissed* 92 NY2d 1045 [1999]).

While 7 Essex's engineer did not set forth in detail the cause-and-effect relationship between 11 Essex's undisclosed lowering of its basement floor and the destabilizing of its building, or state his opinion of such a relationship to a reasonable degree of engineering certainty, his testimony, along with that of 7 Essex's principal, both based on personal observations, was sufficient for purposes of 7 Essex's motion to amend its answer so as to assert that the negligent work exclusion applies because of such relationship (*see generally Thompson v Cooper*, 24 AD3d 203, 205 [2005]). The prior dismissal of Tower's negligent work exclusion defense (30 AD3d 348 [2006]) does not collaterally estop Tower from reasserting that defense where the defense originally alleged negligent work only on 7 Essex's premises and later deposition testimony revealed to Tower, for the first time, the allegedly negligent work performed on 11 Essex's own premises. It does not avail 11 Essex to argue that it is prejudiced by this late amendment where it did not disclose its basement work and Tower did not unreasonably delay in moving to amend once it learned of such work.

The proposed wear and tear policy exclusion defense does not appear to be devoid of merit especially considering the age of 11 Essex's building. 11 Essex would not be prejudiced by the inclusion of this new defense inasmuch as leave to amend the answer is being granted on the basis of the negligent work exclusion. Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.