■ JEREMY S. PITCOCK, Appellant, v KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP, et al., Respondents. [915 NYS2d 239]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered June 2, 2010, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the cause of action of the amended complaint alleging tortious interference with a contract, unanimously affirmed, with costs.

This is the second action filed in state court against defendant law firm for damages arising from the termination of plaintiff's partnership for alleged personal misconduct, and his later termination by his subsequent employer. In this action, plaintiff asserts that defendants interfered with his new employment contract by exchanging correspondence with the new law firm about a conflict of interest created by plaintiff's move

(conflict letters). However, in the prior action, plaintiff already litigated the claim that defendants interfered with his new employment contract by circulating false and malicious statements about him (*see* 74 AD3d 613 [2010]).

Plaintiff's attempt to embellish his claim does not alter the result that res judicata bars the current action, as the allegations concerning the conflict letters "arose from the same transaction or series of transactions" as his prior allegations (*see Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1, 5 [2000]). The conflict letters could have been discovered in time to assert them in the allegations of the prior complaint, and res judicata "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]).

Equally unavailing is plaintiff's contention that res judicata does not apply because the court's decision with respect to the prior action was not a final determination on the merits. The court's dismissal of the prior action was not merely a dismissal for a technical pleading defect, but a dismissal manifestly on the merits, based on a finding that plaintiff's own admissions precluded him from prevailing on his cause of action against such defendants, regardless of what other facts he might allege (*see Lampert v Ambassador Factors Corp.*, 266 AD2d 124 [1999]).

Furthermore, even if the tortious interference with a contract cause of action was not barred by the doctrine of res judicata, plaintiff has failed to state such a claim. He has not alleged, in nonconclusory language, the essential terms of the parties' contract, including the specific provisions upon which liability is predicated (*see Matter of Sud v Sud*, 211 AD2d 423, 424 [1995]). Nor has he alleged that the contract would not have been breached "but for" defendants' conduct (*Burrowes v Combs*, 25 AD3d 370, 373 [2006], *lv denied* 7 NY3d 704 [2006]). Indeed, plaintiff cannot claim that "but for" the conflict letters, he would not have been terminated inasmuch as he has already alleged that it was the defamatory statements that caused him to be fired. Concur—Saxe, J.P., Friedman, Abdus-Salaam and Román, JJ.