■ SAPPHIRE INVESTMENT VENTURES, LLC, Plaintiff, and RUBY INVESTMENT VENTURES, INC., Respondent, v MARK HOTEL SPONSOR LLC et al., Appellants. [16 NYS3d 56]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered July 17, 2013, which denied defendants' motion to dismiss the amended complaint, unanimously modified, on the law, to grant the motion to the extent the amended complaint is not based on the newly discovered facts of "financial entanglement," and otherwise affirmed, without costs.

In this action to rescind a purchase agreement and recover a down payment, the proceeding before the Attorney General (AG) was sufficiently judicial so as to warrant preclusive effect (*see Coffey v CRP/Extell Parcel I, L.P.*, 117 AD3d 585 [1st Dept 2014], *lv dismissed* 24 NY3d 934 [2014]; *see also Matter of CRP/Extell Parcel I, L.P. v Cuomo*, 101 AD3d 473 [1st Dept 2012]). To the extent plaintiffs' action is based on defendants' alleged failure to disclose the financial entanglement between the Mark Hotel and two other distressed hotels, it is not barred by the doctrines of res judicata or collateral estoppel. The claims and issue of financial entanglement were never raised or decided in the AG's proceeding, nor could they have been raised there, as plaintiffs did not discover the evidence of financial entanglement until after the AG issued its determination (*see UBS Sec. LLC v Highland Capital Mgt., L.P.*, 86 AD3d

469, 476 [1st Dept 2011] [claims based on conduct alleged to have occurred after the commencement of the prior action were not barred by res judicata]; *see also 11 Essex St. Corp. v Tower Ins. Co. of N.Y.*, 70 AD3d 402, 403 [1st Dept 2010] [prior dismissal of the defendant's defense did not collaterally estop the defendant from reasserting that defense based on newly discovered evidence]). Plaintiffs could not have discovered the evidence of financial entanglement with reasonable diligence, as that information was solely in defendants' possession (*compare 11 Essex*, 70 AD3d at 403 [defense not barred by collateral estoppel where the plaintiff failed to disclose evidence supporting the defense prior to the defendant's motion to amend its answer], *with Pitcock v Kasowitz, Benson, Torres & Friedman, LLP*, 80 AD3d 453, 454 [1st Dept 2011] [claims were barred by res judicata as the alleged new evidence could have been discovered in time to assert it in the allegations of the prior complaint], *lv denied* 16 NY3d 711 [2011]). However, to the extent plaintiffs' claims are not based on the newly discovered evidence, those claims are barred since they were raised or could have been raised in the prior proceeding. Further, those claims are barred as to all defendants, since there is sufficient privity between them (*see Syncora Guar. Inc. v J.P. Morgan Sec. LLC*, 110 AD3d 87, 93 [1st Dept 2013]). Concur—Mazzarelli, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.