■ CANON FINANCIAL SERVICES, INC., Plaintiff, v MEYERS ASSOCIATES, LP, Doing Business as MEYERS ASSOCIATES, Appellant-Respondent, and CANON USA, Inc., Respondent-Appellant. [33 NYS3d 14]—

Order, Supreme Court, New York County (Debra James, J.), entered September 30, 2014, which, to the extent appealed from as limited by the briefs, granted defendant Canon USA, Inc.'s motion to dismiss defendant Meyers Associates LP's first, second, third, and fourth counterclaims as against it, and order, same court and Justice, entered January 30, 2015, which, upon reargument, vacated so much of the prior order as granted Canon's motion to dismiss the fifth and sixth counterclaims as against it, and reinstated those counterclaims, unanimously modified, on the law, to reinstate the first counterclaim, and to

dismiss the fifth and sixth counterclaims, and otherwise affirmed, without costs.

Meyers' pleading fails to show that nonparty independent contractor EZ Docs, Inc., a Canon products dealer from which Meyers leased Canon equipment, had either actual or apparent authority to act as Canon's agent (see *Standard Funding Corp. v Lewitt*, 89 NY2d 546, 551 [1997]). Nor was Meyers in privity with Canon, which was not a signatory to any agreement with Meyers. The existence of an express warranty by Canon did not create privity between Meyers and Canon, a party with which Meyers never dealt (see *Randy Knitwear v American Cyanamid Co.*, 11 NY2d 5, 14 [1962]). For these reasons, the first and fourth counterclaims, alleging negligent misrepresentation and breach of contract, respectively, were correctly dismissed, and the fifth and sixth counterclaims, alleging breach of implied warranty, were incorrectly reinstated upon reargument.

The third counterclaim, alleging tortious interference with contract, was correctly dismissed because Canon had its own economic interest in the agreement with EZ Docs that it terminated, and therefore was privileged to "interfere" in the transaction at issue (see *Foster v Churchill*, 87 NY2d 744, 750 [1996]). Moreover, Meyers' own allegation that EZ Docs' breach occurred almost a year before Canon's alleged interference was fatal to the counterclaim (see *Pitcock v Kasowitz, Benson, Torres & Friedman, LLP*, 80 AD3d 453 [1st Dept 2011], *lv denied* 16 NY3d 711 [2011]).

The first counterclaim, alleging negligent retention, should be reinstated. Whether and when Canon knew that certain individuals were secretly affiliated with EZ Docs is an issue of fact not appropriate for resolution on this motion pursuant to CPLR 3211 (a) (7). Concur—Sweeny, J.P., Renwick, Moskowitz, Kapnick and Gesmer, JJ.