Pritsker v Zamansky LLC (2021 NY Slip Op 02767)





Pritsker v Zamansky LLC


2021 NY Slip Op 02767


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Gische, J.P., Mazzarelli, Oing, González, JJ. 


Index No. 154320/19 Appeal No. 13726 Case No. 2019-04681 

[*1]Robert Pritsker, Plaintiff-Appellant,
v
Zamansky LLC, et al., Defendants-Respondents.


Robert Pritsker, appellant pro se.
Housman & Associates, PC, Tarrytown (Mark E. Housman of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered September 18, 2019, which granted defendants' motion to dismiss the complaint as barred by res judicata and collateral estoppel, unanimously affirmed, without costs.
This action is barred by the doctrine of res judicata (claim preclusion) (see generally Matter of Hunter, 4 NY3d 260, 269 [2005]). The dismissal of plaintiff's 2017 action was on the merits, and not, as plaintiff argues, based on pleading defects (Pritsker v Zamansky LLC, Sup Ct, NY County, Nov. 19, 2018, Nervo, J., index No. 150595/17; see Feigen v Advance Capital Mgt. Corp., 146 AD2d 556, 558 [1st Dept 1989]). Thus, plaintiff is barred from asserting his previously-pleaded causes of action for legal malpractice, breach of fiduciary duty, and negligence. Plaintiff is also barred from asserting his "new" fraudulent inducement and breach of fiduciary duty causes of action, because at bottom, they arise out of the same transactions as his previously pleaded causes of action. Claim preclusion bars plaintiff's claims against Jacob Zamansky as well as Zamansky LLC because both were named as defendants in the 2017 action and Jacob Zamansky is in privity with Zamansky LLC (see Rojas v Romanoff, 186 AD3d 103, 108, 112 [1st Dept 2020]). Based on the foregoing, we do not reach the other bases defendants articulate for dismissal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021