*Spoleto Corp. v. Ethiopian Airlines Grp.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-two.

PRESENT:
> ROSEMARY S. POOLER,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> > *Circuit Judges*.

_____

SPOLETO CORPORATION,

> *Plaintiff-Appellant*,

v.                                                                No. 22-311

ETHIOPIAN AIRLINES GROUP, a.k.a. ETHIOPIAN AIRLINES ENTERPRISE,

> *Defendant-Appellee*.*

_____

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiff-Appellant:    JACKSON T. HERNDON (Joshua A. Berman, Hafsa S. Manoor, *on the brief*), White & Case LLP, New York, NY.

For Defendant-Appellee:    JEREMY M. SHER (Jeffrey F. Allen, *on the brief*), Bond, Schoeneck & King PLLC, Rochester, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Spoleto Corporation ("Spoleto") – as the assignee of Arena Riparian (Cayman), LLC ("Arena Riparian") – appeals from the district court's dismissal of its claims against Ethiopian Airlines Group ("Ethiopian") for breach of contract, aiding and abetting breach of fiduciary duty, and fraud, all in connection with Arena Riparian's attempt to purchase airplanes and airplane engines from Ethiopian. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Spoleto alleges that Arena Investors, LP ("Arena") and Riparian Aviation Partners, LLC ("Riparian") formed Arena Riparian as a joint venture to purchase

2

five Boeing airframes and twelve Pratt & Whitney engines from Ethiopian. While the negotiations were underway, Riparian's principal, Benedict Sirimanne (together with his associates, "Sirimanne"), contracted with Ethiopian – without Arena Riparian's knowledge – to purchase for himself one of the five airframes and its two engines, which were in the possession of the Ethiopian military (the "Military Aircraft"). Ethiopian later terminated its agreement to sell the other airframes and engines to Arena Riparian (the "Purchase Agreement"), and thereafter, Sirimanne acquired the airframes and engines referenced in the Purchase Agreement for a price that was higher than what Arena Riparian had offered to pay.

Arena Riparian subsequently brought an action in New York Supreme Court against Ethiopian, Sirimanne, and other defendants, alleging – as relevant here – that Ethiopian had breached the Purchase Agreement and aided and abetted Sirimanne's breach of fiduciary duty. The state court dismissed both counts for failure to state a claim under New York Civil Practice Law and Rules ("CPLR") 3211(a)(7). Two years later, Spoleto brought this action in federal court as the assignee of Arena Riparian's claims, alleging that Ethiopian had breached the Purchase Agreement, aided and abetted Sirimanne's breach of fiduciary duty,

and committed fraud during the negotiations for the sale of the airframes and engines. The district court dismissed the action in its entirety, finding that Spoleto's breach-of-contract and aiding-and-abetting claims were foreclosed under the doctrine of collateral estoppel, also known as issue preclusion, and that Spoleto's fraud claim was barred by res judicata – or claim preclusion – because it arose out of the same series of transactions referenced in the state-court complaint. This appeal followed.

We review the district court's dismissal of a complaint de novo, *see Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020), and "may affirm on any ground that finds support in the record," *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019).

On appeal, Spoleto argues principally that the district court erred in finding that Spoleto was precluded from raising claims that its predecessor, Arena Riparian, asserted or could have asserted in the state proceeding. While we disagree with certain aspects of the district court's preclusion analysis – namely, its application of collateral estoppel to dismiss claims that should have been dismissed on the basis of res judicata – we nevertheless affirm the district court's dismissal of all of Spoleto's claims.

4

"[F]ederal courts are required to give preclusive effect to state-court judgments whenever the courts of the state from which the judgments emerged would do so." *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 398 (2d Cir. 2022) (alteration and internal quotation marks omitted). Accordingly, we apply New York law to determine the preclusive effect of the decisions in Arena Riparian's prior state-court action.

Under New York law, "[t]he doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter." *Josey v. Goord*, 9 N.Y.3d 386, 389 (2007) (internal quotation marks omitted). The doctrine extends to "those in privity with" the original parties. *Gramatan Home Invs. Corp. v. Lopez*, 46 N.Y.2d 481, 486 (1979). For purposes of res judicata, "an assignee is deemed to be in privity with the assignor where the [prior] action . . . is commenced before there has been an assignment." *Id.* at 486–87. This doctrine "applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." *In re Hunter*, 4 N.Y.3d 260, 269 (2005). Therefore, under res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the

same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Josey*, 9 N.Y.3d at 389–90.

Here, as Arena Riparian's assignee, Spoleto asserts three claims against Ethiopian in its federal complaint – breach of contract, aiding and abetting breach of fiduciary duty, and fraud. Two of these claims – breach of contract and aiding and abetting – were also brought by Arena Riparian in the state proceeding and dismissed by the state court. The district court nevertheless found that res judicata did not apply to Spoleto's breach-of-contract and aiding-and-abetting claims because the state court's dismissals were not "on the merits." Sp. App'x at 16. We disagree.

New York law provides that a prior judgment is given res-judicata effect even if it does not "contain the precise words 'on the merits.'" *Strange v. Montefiore Hosp. & Med. Ctr.*, 59 N.Y.2d 737, 739 (1983). Instead, "it suffices that it *appears* from the judgment that the dismissal was on the merits," *id.* (emphasis added), and "effectively close[d] plaintiff's proof" against the dismissed party, *Maitland v. Trojan Elec. & Mach. Co.*, 65 N.Y.2d 614, 616 (1985). Indeed, New York courts have repeatedly held that a prior dismissal for failure to state a claim under CPLR 3211(a)(7) constitutes a judgment on the merits. *See, e.g., Feigen v. Advance*

6

*Cap. Mgmt. Corp.*, 536 N.Y.S.2d 786, 788 (1st Dep't 1989) (holding that dismissal of a breach-of-contract claim under CPLR 3211(a)(7) was "on the merits" for res-judicata purposes); *Manko v. Gabay*, 106 N.Y.S.3d 130, 132 (2d Dep't 2019) (holding that a prior dismissal of a plaintiff's breach-of-fiduciary-duty claim under CPLR 3211(a)(7) constitutes "a judgment on the merits" that has res-judicata effect); *Lampert v. Ambassador Factors Corp.*, 698 N.Y.S.2d 234, 235 (1st Dep't 1999) (precluding a plaintiff's fraud claim because it was "based on the same transaction" asserted in a complaint previously dismissed under CPLR 3211(a)(7)).

Our examination of the record reveals that the state court's dismissal of Arena Riparian's claims against Ethiopian was on the merits. *See Strange*, 59 N.Y.2d at 738–39. With respect to the breach-of-contract claim, the parties vigorously litigated whether, "under the plain language of the [Purchase Agreement], [Ethiopian] was entitled to terminate the contract for any reason if there was delay on the part of [Arena Riparian]," App'x at 517, and whether, even if Ethiopian had breached the Purchase Agreement, "the sole and exclusive remedy" for the breach would be limited to "a refund of the deposits," *id.* at 489–90. After analyzing the parties' arguments, the state court dismissed Arena Riparian's breach-of-contract claim, finding that Ethiopian "is protected by

7

the limitation[-]of[-]liability language in [the Purchase Agreement]." *Id.* at 499–500.

As for the aiding-and-abetting claim, New York law requires that the aider or abettor "knowingly participate[] in a breach of fiduciary duty" by "provid[ing] substantial assistance to the primary violator." *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 170 (1st Dep't 2003) (internal quotation marks omitted). And here, the parties disputed whether Ethiopian's alleged misconduct constituted only "failures to act" as opposed to affirmative, "substantial assistance" in furtherance of Sirimanne's breach of fiduciary duty. App'x at 1187. The state court received extensive briefing on this issue and ultimately concluded that the aiding-and-abetting claim should be dismissed because Arena Riparian's allegations of substantial assistance were "entirely conclusory." *Id.* at 1195.

The state court's dismissal also "effectively close[d] [Arena Riparian's] proof" against Ethiopian, which further indicates that the dismissal was a "merits determination[,] so as to bar [the] commencement of a second action." *Maitland*, 65 N.Y.2d at 616. Upon dismissing all of Arena Riparian's claims against Ethiopian, the state court directed "[t]he clerk [of that court] . . . to sever and dismiss defendant Ethiopian . . . from the action." App'x at 1210. While Arena

8

Riparian's state-court action is still pending as to *other* defendants, the fact remains that to this day – more than three years after the state court dismissed Ethiopian – Arena Riparian has neither appealed from nor sought reconsideration of that dismissal. *See Feigen*, 536 N.Y.S.2d at 788 (holding that "it was incumbent upon plaintiffs to challenge [the trial court's dismissal] on appeal," and "[h]aving failed to do so, they are now precluded by res judicata . . . against the dismissed parties").

On this record, we find that the state court's dismissal was "sufficiently close to the merits for claim[-]preclusion purposes to bar a second action." *Plattsburgh Quarries, Inc. v. Palcon Indus., Inc.*, 513 N.Y.S.2d 861, 862 (3d Dep't 1987). We therefore affirm the dismissal of Spoleto's breach-of-contract and aiding-and-abetting claims against Ethiopian on the basis of res judicata. And while Spoleto's fraud claim was never raised in the state-court proceeding, there can be no doubt that Spoleto's newly minted fraud claim arose "out of the same transaction or series of transactions" referenced in Arena Riparian's complaint in state court. *Josey*, 9 N.Y.3d at 389–90. Accordingly, the preclusive effect of the state-court decisions applies with equal force to Spoleto's fraud claim against Ethiopian, since it "could have been raised in the prior litigation." *In re Hunter*, 4 N.Y.3d at 269.

9

Spoleto attempts to resist the preclusive effect of the state-court decisions by arguing that its predecessor, Arena Riparian, did not have a full and fair opportunity to litigate any of its claims against Ethiopian.

Relying exclusively on Sirimanne's deposition testimony – which post-dated the state-court judgments – Spoleto asserts that Sirimanne paid Ethiopian and its employees "cash bribes of about $50,000" to induce Ethiopian to breach the Purchase Agreement. App'x at 18 (internal quotation marks omitted). But whether Sirimanne's payments to Ethiopian are characterized as bribes or – in the words used by Sirimanne in his deposition – as compensation for Ethiopian's "maintenance services" on the Military Aircraft, *id.* at 136, the new allegations do not meaningfully alter the nature of the alleged breach of contract, breach of fiduciary duty, or corresponding fraud perpetrated by Sirimanne. And even without the deposition testimony relied on by Spoleto, Arena Riparian had ample bases to allege in state court a fraud claim like the one now alleged in Spoleto's federal complaint. Therefore, because the fraud claim clearly arose out of the same facts as the breach-of-contract and aiding-and-abetting claims, and because Arena Riparian could have raised that claim in its state complaint, Spoleto is also precluded from bringing its fraud claim here. *See Henry Modell & Co. v. Minister*,

10

*Elders & Deacons of Reformed Protestant Dutch Church of City of N.Y.*, 68 N.Y.2d 456, 461 (1986).[1]

We have considered Spoleto's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] As noted during oral argument, the appropriate avenue for Spoleto to seek relief from the state-court decisions is to file a motion under CPLR 5015 and assert – in state court – "newly-discovered evidence" that "would probably have produced a different result and . . . could not have been discovered in time."   N.Y. C.P.L.R. 5015(a)(2).   Whether the state court finds merit in such a motion is ultimately for that court to decide.   But it is clear that Spoleto is barred for asserting such claims here.