■ In the Matter of BELFATTO AND PAVARINI, Appellant, v PROVIDENCE REST NURSING HOME, INC., Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered March 22, 1990, which denied the petition and directed the parties to proceed to arbitration.

Ordered that the judgment is modified, on the law, by granting that branch of the petition which was to stay arbitration with respect to the breach of contract and negligence claims, with leave to the petitioner to file a new demand for arbitration regarding its indemnification claim; as so modified, the judgment is affirmed, without costs or disbursements.

In 1971, Providence Rest Nursing Home (hereinafter Providence) and the petitioner Belfatto and Pavarini entered into a contract for architectural and related services, *inter alia,* for the construction of a new nursing home facility. The petitioner claims that it completed work in 1980, received final payment in 1981, and that, in July 1983 the City of New York issued a report certifying that all construction on the project was complete. Sometime in 1985, Polera Building Corporation (hereafter Polera), a contractor on the construction project, commenced an action against Providence to recover damages, *inter alia,* from cost overruns. Thereafter, in 1987, Providence commenced a third-party action against the petitioner asserting an indemnification cause of action in addition to separate

causes of action sounding in breach of contract and negligence.

Prior to filing its answer to the third-party complaint, the petitioner successfully moved to stay the proceedings, arguing that the contract between it and Providence required arbitration of "any and all alleged disputes" arising out of or relating to its contract. The Supreme Court, by order dated December 3, 1987, granted the petitioner's motion and dismissed the third-party complaint against it, holding that the arbitration clause in the parties' contract was "all inclusive".

In March 1989 Providence and Polera reached a settlement and Providence tendered payment in April 1989 in satisfaction of the claim. Some eight to nine months after the settlement and approximately two years after the Supreme Court's decision dismissing the third-party complaint, Providence, in December 1989, served the petitioner with a demand for arbitration. The nature of the dispute was characterized in the demand as "a [c]laim for breach of contract and/or architectural malpractice and/or negligence".

The petitioner now claims that the causes of action sounding in breach of contract and architectural malpractice asserted against it in Providence's demand are barred by the six-year Statute of Limitations and cannot be arbitrated because the arbitration clause contained in the parties' contract specifically states that arbitration will not lie for a dispute if the institution of a legal or equitable proceeding would be barred by the applicable Statute of Limitations. We agree.

Even assuming that the Statute of Limitations began to run when the city certified the project to be complete in July of 1983, which is the latest possible accrual date urged by Providence, we find that the demand to arbitrate served by Providence in December 1989 was time barred. Providence has not demonstrated nor has it shown any reason why, as it now claims, it was precluded by the rule against claim splitting from serving its demand to arbitrate before settling its action with Polera. In any event, we note that the Polera action was settled in April 1989 and Providence could have served its demand to arbitrate within the two to three month period prior to the expiration of the Statute of Limitations in July 1989.

However, Providence may properly arbitrate its indemnification claim. Contrary to the petitioner's assertion, the arbitration clause contained in the parties' contract is "all inclusive" and provides no legal or factual limitation as to what

disputes can or cannot be arbitrated. Accordingly, we decline to hold that the indemnification claim is not arbitrable *(see, Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341).

In any event, the petitioner is barred by the doctrine of estoppel against inconsistent positions from asserting that the indemnification claim is not arbitrable. In 1987 it successfully maintained that the indemnification claim asserted against it in Providence's third-party complaint should be arbitrated under the terms of the parties' agreement *(see, Piedra v Vanover,* 174 AD2d 191; *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591, 593).

The demand for arbitration served by Providence did not sufficiently indicate that the nature of the dispute was an indemnification claim. However, since the Statute of Limitations on the indemnification claim has not expired, Providence is granted leave to serve an appropriate new demand for arbitration *(cf., Matter of Riverhead Cent. School Dist. v Riverhead Cent. Faculty Assn.,* 140 AD2d 526). Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.