■ JOSEPH CHIN, Respondent, v VESEL ADEMAJ et al., Respondents, and COUNTY OF WESTCHESTER, Appellant.—In an action to recover damages for personal injuries, the defendant County of Westchester appeals from so much of an order of the Supreme Court, Westchester County (Facelle, J.), entered November 2, 1990, as denied in part its motion for summary judgment dismissing the complaint and the codefendants' cross claim.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff-respondent.

We find that the Supreme Court properly exercised its discretion in considering the expert opinion of the plaintiff's engineering expert, Marvin M. Specter, as contained in his affidavit (see, People v Cronin, 60 NY2d 430).

Moreover, although it is well settled that evidence submitted both in support of and in opposition to a motion for summary judgment must be in admissible form (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067; Zuckerman v City of New York, 49 NY2d 557, 562), the rule with respect to defeating a motion for summary judgment is more flexible for the opposing party, who "may be permitted to demonstrate [an] acceptable excuse for his failure to meet the strict requirement of tender in admissible form" (Friends of Animals v Associated Fur Mfrs., supra, at 1068). The County correctly asserts that the plaintiff may not use the deposition testimony of Bruce M. Grambling, a witness for the State of New York in a prior action to which the County was not a party, against the County in the instant action (see, CPLR 3117 [a] [3]). Specter's opinion that the County changed the original configuration of the guiderail at issue was sufficient to oppose the County's motion for summary judgment, even though it was based upon construction plans marked as exhibits at Grambling's deposition. Significantly, the County does not assert that the construction plans were not properly authenticated in the prior proceeding, nor does the County provide any proof that the construction plans do not, in fact, depict the guiderail as originally constructed by the State of New York. Under these circumstances, we find that the plaintiff's failure to properly authenticate the construction plans in the present action is a technical irregularity that can be cured at the trial (see, CPLR 2001). Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.