■ DONALD A. MEYERS, Respondent, v FRED H. GELLER et al., Appellants. (And Another Title.) [599 NYS2d 72] —In an action, *inter alia,* to recover the proceeds of an alleged loan, the defendants appeal from an order of the Supreme Court, Nassau County (Winick, J.), dated February 1, 1991, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants contend that the complaint should be dismissed pursuant to the doctrine of judicial estoppel because the plaintiff apparently took inconsistent positions in this case and in a separate Federal action to recover an alleged overpayment of income taxes *(see generally, Matter of Belfatto & Pavarini v Providence Rest Nursing Home,* 182 AD2d 754; *Anonymous v Anonymous,* 137 AD2d 739; *Kasmarski v Terranova,* 115 AD2d 640). However, since the Federal court rejected the position adopted by the plaintiff in that case and ultimately ruled against him, the doctrine of estoppel against inconsistent positions is not applicable herein *(see, Northern Metro. Residential Health Care Facility v Ledri Realty Assocs.,* 179 AD2d 133; *Kalikow 78/79 Co. v State of New York,* 174 AD2d 7; *see also, Piedra v Vanover,* 174 AD2d 191; *Kimco of N. Y. v Devon,* 163 AD2d 573; *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591).

In any event, we agree with the Supreme Court that summary judgment on the ground of judicial estoppel would be improper in this case because the plaintiff's commencement of the Federal action was premised entirely upon some highly questionable documentary evidence produced by the defendants during discovery which made the plaintiff believe that he might have a valid tax claim. Moreover, the record clearly establishes that the plaintiff commenced the Federal action in

order to protect his potential claim from becoming time-barred while he awaited the outcome of the instant action. Under these circumstances, the Supreme Court acted properly in denying the defendants' motion. Sullivan, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.