■ PONTAS RENOVATION, INC., Appellant, v KITANO ARMS CORPORATION, Respondent, et al., Defendants. [638 NYS2d 64] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered December 15, 1994, which, *inter alia*, granted defendant Kitano Arms Corporation's motion for an order of preclusion as a discovery sanction to the extent of directing that plaintiff make its books available for inspection by defendant Kitano; order, same court and Justice, entered May 22, 1995, which dismissed plaintiff's complaint for failure to comply with the order of December 15, 1994; and order, same court and Justice, entered August 22, 1995, which denied plaintiff's motion to extend a notice of pendency, unanimously affirmed, with costs.

Plaintiff's corporate general ledger is relevant, and the order that plaintiff disclose it was a proper exercise of discretion. Plaintiff's counsel candidly stated that plaintiff was refusing to produce the ledger because it had unilaterally determined that it was immaterial. There was, therefore, willful non-compliance with a prior court order directing disclosure, justifying the

sanction of dismissal (*see, Zletz v Wetanson*, 67 NY2d 711). Given this background, there was no "good cause shown" (CPLR 6513) to warrant extending plaintiff's notice of pendency. Concur—Sullivan, J. P., Milonas, Rosenberger, Kupferman and Nardelli, JJ.