■ AVALON L. L. C., Appellant-Respondent, v CORONET PROPERTIES COMPANY, Appellant. [671 NYS2d 31] —Order, Supreme Court, New York County (Carol Arber, J.), entered October 21, 1996, which, *inter alia*, denied plaintiff's motion for an order lifting an earlier stay, directing the Sheriff to sell certain of defendant's assets, and directing defendant to turn over the proceeds allegedly obtained in the settlement of a Federal action, and which denied defendant's cross motion for an order barring plaintiff from enforcing its judgment on the ground that its conduct was champertous, and disqualifying plaintiff's counsel for an alleged pecuniary interest in the action, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of vacating the stay so as to permit the action to proceed against all of defendant's assets, and otherwise affirmed, without costs.

The stay of enforcement proceedings, as modified by this Court, applied only to those of defendant's assets within the jurisdiction of the Federal Deposit Insurance Corporation (FDIC) (243 AD2d 307). Since the Federal action involving the FDIC was settled prior to the IAS Court's decision on the instant motion, the stay should have been vacated in its entirety, based on a change in the circumstances that created the need for the stay, and we modify accordingly.

However, as we previously noted, "the mere transfer of interest in the judgment by assignment alone is insufficient to order a levy and Sheriff's sale of specific assets of defendant. The rights, if any, that [plaintiff] acquired in the underlying judgment must be determined in a plenary action." (*Supra,* at 307-308.) However, if the assets subject to execution of judgment are entirely owned by Coronet, further proceedings may be properly maintained within the already pending action. Thus, although plaintiff is entitled to proceed against all of defendant's assets, it is not entitled to enforce its judgment until its rights pursuant to that judgment have been determined. Therefore, at this juncture, the court correctly refused to order a Sheriff's sale of any of defendant's assets, or to require defendant to turn over the proceeds, if any, it received in the Federal action or provide an accounting of the attorney's fees recovered in such action.

A hearing is not required to determine whether plaintiff's primary purpose in purchasing the judgment was to bring suit thereon in violation of the champerty statute (*see, Limpar Realty Corp. v Uswiss Realty Holding*, 112 AD2d 834, 835; *Concord Landscapers v Pincus*, 41 AD2d 759). Denial of defendant's cross motion to disqualify plaintiff's counsel was a proper exercise of discretion (*see, Petrossian v Grossman*, 219 AD2d 587; *Hirschfeld v Stahl*, 194 AD2d 388). We also reiterate the IAS Court's admonition against abusive motion practice.

We have considered the parties' other arguments for affirmative relief and find them to be without merit. Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ.