■ MICHAEL W. STOUT, Respondent-Appellant, v CHRISTIE, MANSON & WOODS INTERNATIONAL, INC., et al., Appellants-Respondents. BURTON LIPSKY, Nonparty Respondent; SIMPSON THACHER & BARTLETT, Nonparty Appellant. [681 NYS2d 19] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered June 3, 1997, which granted plaintiff's motion to compel disclosure by defendants and nonparty appellant law firm Simpson Thacher & Bartlett to the extent of directing that appellants produce certain documents in response to plaintiff's disclosure requests, and granted defendants' motion for an order to compel disclosure by plaintiff and nonparty attorney Lipsky to the extent of directing plaintiff to produce certain documents in response to defendant's disclosure requests, and order, same court and Justice, entered January 8, 1998, which, upon the grant of the motion of defendants and nonparty appellant law firm to reargue, adhered to the court's prior June 3, 1997 determination, except insofar as to direct that plaintiff produce certain additional documents, unanimously modified, on the law, the facts and in the exercise of discretion, to vacate all directives requiring disclosure of defendant auction house's communications with nonparty appellant

law firm concerning the auction house's court appearance in the matter of the estate of Andy Warhol and to deny plaintiff's motion to compel to the extent that it seeks such disclosure, and otherwise affirmed, without costs.

The motion court erred to the extent that it required defendants and the nonparty appellant law firm to make disclosures concerning defendant auction house's communications with counsel, i.e., the nonparty firm, retained by it in connection with its appearance as a witness in litigation respecting the estate of Andy Warhol (*see, Matter of Warhol*, 165 Misc 2d 726). Since all of the consultations at issue were for the purpose of giving legal advice to the auction house, the matters communicated during the consultations, including incidental, not otherwise privileged matters, are shielded from disclosure by the attorney-client privilege (*see, Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 378-380). Defendants did not waive the privilege as to these communications by making disclosures in the affidavit of defendant Hambrecht in the Warhol litigation or in published statements, because the legal advice in question was given after the two appraisals that were the subject of each of those statements, and that advice therefore has no bearing on defendants' state of mind at the time that the two appraisals were rendered (*see, Raphael v Clune White & Nelson*, 146 AD2d 762, 763). Otherwise, we do not find that the motion court's orders constituted an improvident exercise of discretion (*see, e.g., Pontas Renovation v Kitano Arms Corp.*, 224 AD2d 349, *lv dismissed in part and denied in part* 88 NY2d 914). We note in particular that, properly read, the provision in the order dealing with documents concerning defendants' appraisal in the Warhol matter requires production only of those documents made in the ordinary course of business and responsive to the six categories identified in plaintiff's 17th through 19th and 23rd through 26th disclosure requests. Because respondent nonparty attorney Lipsky did not join in plaintiff's cross appeal, we do not reach plaintiff's arguments respecting disclosure of a telephone conversation among the nonparty attorney, defendant's former appraiser and representatives of the nonparty Foundation. Even if plaintiff's argument on this point had merit, it would not be appropriate to grant relief exclusively benefitting a non-appealing party (*cf., Citnalta Constr. Corp. v Caristo Assocs. Elec. Contrs.*, 244 AD2d 252, 254). We have considered the parties' remaining arguments for affirmative appellate relief made on the appeal and cross appeal and find them unavailing. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.