■ BLUEBIRD PARTNERS, L.P., Appellant, v FIRST FIDELITY BANK, N. A., et al., Respondents. BLUEBIRD PARTNERS, L.P., Respondent, v UNITED JERSEY BANK, Appellant, et al., Defendants. (And a Third-Party Action.) [686 NYS2d 5] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 12, 1997, which, insofar as appealed from as limited by plaintiff's brief, dismissed the complaint as against defendant-respondent law firms on the ground of res judicata, unanimously affirmed, with costs. Order, same court and Justice, entered April 9, 1998, which, insofar as appealed from, denied defendant-appellant second series trustee's motion to dismiss the complaint as against it on ground of champerty, unanimously reversed, on the law and the facts, to grant such motion and to dismiss the complaint as against the second series trustee with prejudice, with costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Concerning the causes of action against the law firms, we agree with the motion court that its dismissal of plaintiff's prior action, affirmed by this Court with respect to the causes of action against the law firms (*Bluebird Partners v First Fid. Bank*, 248 AD2d 219, 223, *lv dismissed* 92 NY2d 946), was on the merits, i.e., based on a finding that plaintiff did not and could not allege facts showing that the law firms owed it a duty (*see, Feigen v Advance Capital Mgt. Corp.*, 146 AD2d 556, 558-559), and plaintiff cannot avoid the resulting res judicata estoppel by pleading a new theory of privity with the law firms arising out of the same series of transactions alleged in the prior action (*see, supra*, at 558).

Concerning the cause of action against the second series trustee, even were we to accept plaintiff's assertion that it began purchasing the second series certificates in order to gain leverage for the settlement of an unrelated lawsuit, it admittedly continued to purchase more such certificates in large quantities for nearly two years after that litigation was settled. The record leaves no doubt that plaintiff's "primary purpose" (*Avalon L. L. C. v Coronet Props. Co.*, 248 AD2d 311, 312) in purchasing those certificates was the maintenance of this litigation against the second series trustee, and, accordingly, the complaint should have been dismissed as against it on the ground of champerty (Judiciary Law § 489) as a matter of law (*cf., Fairchild Hiller Corp. v McDonnell Douglas Corp.*, 28 NY2d 325, 330). We have considered plaintiff's remaining arguments and find them to be unavailing. Concur—Sullivan, J. P., Ellerin, Williams and Tom, JJ.