■ **Bluebird Partners, L. P.,** Respondent, v **First Fidelity Bank, N. A.,** et al., Appellants. [690 NYS2d 207] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 7, 1998, which denied defendants' motions to vacate a Referee's rulings on discovery, unanimously affirmed, without costs.

It is defendants' contention that plaintiff, by consulting with the law firm of Kelley Drye and Warren, effectively waived its attorney-client privilege as to all legal advice obtained by it from other attorneys upon the same subject matter. This Court has, however, rejected plaintiff's claim that it had an attorney-client relationship with Kelley Drye and Warren (*see, Bluebird Partners v First Fid. Bank,* 259 AD2d 273), and, in light of that rejection, plaintiff's disclosure of the substance of its consultations with Kelley cannot be said to have had any bearing upon, much less to have constituted a waiver of, its attorney-client privilege. Only if plaintiff had prevailed upon its original claim that it had been represented by Kelley would it be judicially estopped from urging a contrary position in subsequent litigation (*see, Kalikow 78/79 Co. v State of New York,* 174 AD2d 7, 11, *appeal dismissed* 79 NY2d 1040). In light of the dismissal of plaintiff's action against Kelley and the other counsel in the subject bankruptcy proceedings (*see, Bluebird Partners v First Fid. Bank, supra*), there is no outstanding issue respecting its reliance on the advice of bankruptcy counsel (*cf., Erljur Assocs. v Weissman,* 134 AD2d 321, *lv denied* 71 NY2d 802). We find no improvident exercise of discretion in any other respect (*see, e.g., Stout v Christie, Manson & Woods Intl.,* 255 AD2d 224). We have considered defendants' remaining arguments and find them unavailing. Concur—Ellerin, P. J., Tom, Lerner, Buckley and Friedman, JJ.