■ JAMAICA PUBLIC SERVICE Co., LTD., Respondent-Appellant, v LA INTERAMERICANA COMPANIA DE SEGUROS GENERALES S. A. et al., Appellants-Respondents, et al., Defendants. JAMAICA PUBLIC SERVICE Co., LTD., Respondent, v LA INTERAMERICANA COMPANIA DE DEGUROS GENERALES S. A. et al., Appellants, et al., Defendants. (And Other Actions.) [693 NYS2d 6] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 26, 1998, which, to the extent appealed and cross-appealed from, denied defendants-appellants' motion for dismissal of the complaint or for summary judgment and denied plaintiff's motion for partial summary judgment, and order, same court and Justice, entered February 10, 1999, which, insofar as appealable, denied defendants-appellants' second motion for summary judgment, unanimously affirmed, without costs.

While the coverage language indicates that the reasonable expectation of the parties (*see, Album Realty Corp. v American Home Assur. Co.*, 80 NY2d 1008, 1010-1011) was that there would be no coverage if a fuel explosion was the efficient physical cause of the accident (*see, Home Ins. Co. v American Ins. Co.*, 147 AD2d 353, 354-355), we cannot, without improperly resolving credibility disputes among experts, say that a fuel explosion in the furnace, as set forth in the relevant exclusion, was the most direct and obvious cause of the event (*see, Kula v State Farm Fire & Cas. Co.*, 212 AD2d 16, 20, *lv dismissed in part and denied in part* 87 NY2d 953). The motion court properly decided in the 1999 order that those expert reports stressed by plaintiff raise triable issues of fact, and admissibility problems with respect to them, if any, can be cured at trial (*see, Chin v Ademaj*, 188 AD2d 579). We further agree with the

motion court that no champerty defense applies at bar, since the "primary purpose" (see, e.g., *Bluebird Partners v First Fid. Bank*, 259 AD2d 273) of the arrangement between the insured and the cooperating all-risk insurers was not the acquisition of a cause of action by a stranger to the underlying dispute (see, *Bellarno Intl. v Irving Trust Co.*, 165 AD2d 809), and we agree that the trust agreement lacks any of the indicia of collusion and secrecy that mark a disfavored "*Mary Carter*" agreement (see, *Leon v J & M Peppe Realty Corp.*, 190 AD2d 400, 413-415). We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Ellerin, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.