*942 OPINION OF THE COURT
Gerald E. Loehr, J.
Petitioner Chad Bailey, an inmate currently incarcerated at Altona Correctional Facility, by this proceeding pursuant to CPLR article 78, prays for a judgment enjoining respondent to forthwith transfer him into the Comprehensive Alcohol and Substance Abuse Treatment (CASAT) program.
From the papers, it appears that petitioner was arrested and charged with criminal sale of a controlled substance in the third degree and related crimes. Petitioner pleaded guilty to attempted criminal possession of a controlled substance in the third degree, committed on June 22, 2004, in full satisfaction of the indictment, and on May 18, 2005 was sentenced as a second felony offender (Penal Law § 70.06)[1] to a prison term of 3 to 6 years.[2] In addition, upon petitioner’s motion pursuant to Penal Law § 60.04 (6),[3] this court ordered the Department of Correctional Services (DOCS) to enroll the petitioner in the CASAT program “provided that he satisfies the statutory eligibility criteria for enrollment in such program” (People v Bailey, Sup Ct, Westchester County, May 18, 2005, Indictment No. 1383-04).
Petitioner was received by DOCS on June 15, 2005 and applied to be enrolled in the CASAT program on or about August 3, 2005.[4] By a notice dated August 8, 2005, petitioner’s application was denied based on his prior criminal history. By letter dated September 2, 2005, petitioner administratively appealed this decision. On September 21, 2005, DOCS denied the appeal. By letter dated October 21, 2005, petitioner requested an additional review of DOCS’ decision denying him enrollment in CASAT, and specifically, why this court’s order of May 18, 2005 was not being adhered to. By letter dated January 9, 2006, *943 Anthony J. Annucci, Deputy Commissioner and Counsel, provided petitioner with a “final agency response” which stated that although Penal Law § 60.04 “confers authority upon the sentencing judge to order CASAT participation, the section also provides for DOCS to continue to exercise its discretion to determine whether the inmate meets all statutory and program eligibility criteria.” Inasmuch as 7 NYCRR part 1951 authorizes DOCS to deny enrollment to inmates with a history of violent crimes, the response continued, based on the petitioner’s criminal history, he did not meet the program’s administrative eligibility criteria. This proceeding followed.
The CASAT program (Correction Law § 2 [18]) involves the diversion of a DOCS inmate from housing in the general prison population to placement in a dedicated drug treatment annex operated by DOCS for a period of six months followed by 18 months in a community-based inpatient facility. The program is administered by DOCS in conjunction with its temporary release programs. Prior to the enactment of Penal Law § 60.04 (6), while a sentencing court could recommend the CASAT program, DOCS made the ultimate decision regarding a defendant’s enrollment into the program (see People v Singletary, 7 Misc 3d 1004[A], 2005 NY Slip Op 50441[U] [2005]). On December 14, 2004, Penal Law § 60.04 (6)[5] was enacted as part of the 2004 Drug Law Reform Act (L 2004, ch 738, §§ 1-41). It was effective January 13, 2005 (L 2004, ch 738, § 20) and has *944 been held to be retroactive to those defendants not yet sentenced as of its effective date (People v Singletary, 7 Misc 3d 1004[A], 2005 NY Slip Op 50441[U] [2005]; see Donnino at 61). Inasmuch as petitioner was sentenced on May 18, 2005, Penal Law § 60.04 (6) was applicable to his case; and predicated thereon, this court ordered that petitioner be enrolled once he had satisfied the statutory eligibility requirements (see 942 n 4).
Once again before this court, petitioner argues that pursuant to Penal Law § 60.04 (6) and this court’s order of May 18, 2005, the only eligibility criteria he had to satisfy was that specified in the statute, to wit, that he be within two years and six months of parole eligibility, which he satisfied. Based thereon, petitioner contends that DOCS’ decision to deny him enrollment was no more than a failure to perform a duty enjoined upon it by law.
As an initial matter, DOCS responds that petitioner, having requested that this court recommend his enrollment in CASAT, is judicially estopped from arguing that this court’s order of May 18, 2005 was anything more than a recommendation. The doctrine of judicial estoppel holds that a party successfully taking a position in one proceeding may not thereafter assume an inconsistent position in a subsequent proceeding (Kalikow 78/79 Co. v State of New York, 174 AD2d 7, 10 [1992], appeal dismissed 79 NY2d 1040 [1992]). Clearly, to the extent that petitioner’s argument at sentencing could be viewed as endorsing the position that this court lacked that authority to order him enrolled in the CASAT program under Penal Law § 60.04 (6), he was unsuccessful and is, therefore, not now estopped from arguing the efficacy and binding effect of this court’s order (Bluebird Partners v First Fid. Bank, 261 AD2d 200 [1999]; Meyers v Geller, 194 AD2d 595 [1993]).
Alternatively, DOCS responds that Penal Law § 60.04 (6) specifically provides for the continued applicability of the department’s regulations governing an inmate’s completion, discipline and removal from the CASAT program, and that since such proviso is “without limitation,” it necessarily includes the continued applicability of the department’s regulation governing eligibility. Moreover, DOCS argues that inasmuch as the CA-SAT program involves the transfer of an inmate to a residential treatment facility, it was surely the intent of the Legislature *945 that DOCS would retain its discretion to screen out violent felons.[6]
By its own terms, Penal Law § 60.04 (6) provides that the court shall decide whether to enroll a defendant in the CASAT program provided that such defendant will satisfy statutory eligibility criteria. Petitioner was denied enrollment by DOCS based solely on his failure to satisfy its administrative eligibility criteria. The issue which the court must decide, and which is one of first impression with respect to this recently enacted statute, is whether DOCS’ administrative eligibility regulations (7 NYCRR part 1951) remain in full force and effect under Penal Law § 60.04 (6).
In order to decide this matter, the court must construe and interpret Penal Law § 60.04 (6). A statute must be read and given effect as it is written by the Legislature and not as the court may think it should or would have been written if the Legislature had envisioned every problem or complication which might arise in the course of its administration (McKinney’s Cons Laws of NY, Book 1, Statutes § 73, at 148). Courts may not by interpretation add to or take from a clear and positive legislative mandate, or substitute that which must be brought into existence only by legislative expression. (Id.) Instead, the court must take the statute as it finds it and construe it according to the canons of interpretation, neither extending its operation beyond the bounds of legislative intent nor restricting its obvious application. (Id.)
Applying these rules, the court notes that while CASAT participation under Penal Law § 60.04 (6) is expressly conditioned on DOCS’ administrative regulations governing completion, discipline and removal from the program, the statute’s only reference to eligibility refers to statutory and not administrative eligibility. Surely, if the Legislature intended to require an inmate to satisfy both statutory and administrative eligibility criteria, the Legislature could and would have said so. It is a canon of statutory interpretation that a court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended to omit (McKinney’s Cons *946 Laws of NY, Book 1, Statutes § 74, at 157). Moreover, that is particularly true where, as here, the doctrine of expressio unius est exclusio alterius applies. Thus, the specification of regulations governing completion, discipline and removal from the program implies, in the strongest sense, that the omission of DOCS’ administrative eligibility regulation from the statute was intentional and not inadvertent (McKinney’s Cons Laws of NY, Book 1, Statutes § 240, at 411; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 284 [1997]; Pajak v Pajak, 56 NY2d 394, 397-398 [1982]; Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]).
In addition, and perhaps most importantly, if this court were to accept DOCS’ interpretation, the result would be to return the ultimate decision-making concerning CASAT enrollment to DOCS thereby effectively repealing Penal Law § 60.04 (6). It is a fundamental canon of statutory construction that a court must avoid an interpretation of a statute that renders it a nullity (McKinney’s Cons Laws of NY, Book 1, Statutes § 98, at 223-224; Matter of Yolanda D., 88 NY2d 790, 794 [1996]).
Finally, to the extent respondent challenges the wisdom of this legislative decision, its argument is more appropriately directed to the Legislature than to this court (Pajak v Pajak, 56 NY2d 394, 397-398 [1982]).
For the foregoing reasons, the petition is granted and respondent is directed to forthwith enroll petitioner in the CASAT program.

. Petitioner had been convicted of robbery in the first degree on September 2, 1994.

. Petitioner was sentenced under the law in effect on the date he committed the crime he pleaded to: June 22, 2004.

. In the motion, counsel asked this court to “consider recommending petitioner for court-ordered treatment” in the CASAT program and urged that petitioner “be directed” into the program. At the sentencing, counsel, among other arguments, “implored” the court to make the “recommendation” that petitioner “be allowed to go into CASAT.”

. Pursuant to Correction Law § 2 (18) and § 851 (2), an inmate serving an indeterminate sentence is eligible for the CASAT program when within two years and six months of parole eligibility (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 60.04, 2006 Pocket Part, at 59). DOCS has not disputed that petitioner satisfied this eligibility criteria.

. Penal Law § 60.04 (6) provides:
“When the court imposes a sentence of imprisonment which requires a commitment to the state department of correctional services upon a person who stands convicted of a controlled substance or marihuana offense, the court may, upon motion of the defendant in its discretion, issue an order directing that the department of correctional services enroll the defendant in the comprehensive alcohol and substance abuse treatment program in an alcohol and substance abuse correctional annex as defined in subdivision eighteen of section two of the correction law, provided that the defendant will satisfy the statutory eligibility criteria for participation in such program. Notwithstanding the foregoing provisions of this subdivision, any defendant to be enrolled in such program pursuant to this subdivision shall be governed by the same rules and regulations promulgated by the department of correctional services, including without limitation those rules and regulations establishing requirements for completion and those rules and regulations governing discipline and removal from the program. No such period of court ordered corrections based drug abuse treatment pursuant to this subdivision shall be required to extend beyond the defendant’s conditional release date.”

. DOCS concludes by asserting that based on petitioner’s criminal history, its decision to deny him enrollment into CASAT was reasonable (Matter of Gonzalez v Wilson, 106 AD2d 386, 387 [1984]). As shall be discussed infra, the issue is not whether DOCS exercised its discretion reasonably or in an arbitrary and capricious manner, but whether DOCS had any discretion to exercise.