■ JOSE LUIS HERNANDEZ, Plaintiff, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. URS CORPORATION GROUP CONSULTANTS, INC., et al.,

Third-Party Defendants-Respondents; TRI-STATE DISMANTLING CORP., Third-Party Defendant-Appellant. (And Other Titles.) [826 NYS2d 441]—

In an action to recover damages for personal injuries, the third-party defendant Tri-State Dismantling Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated December 14, 2005, as denied its motion for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it, with leave to renew upon completion of discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the contentions of the third-party defendant Tri-State Dismantling Corp. (hereinafter Tri-State), the Supreme Court properly denied its motion for summary judgment. In response to Tri-State's prima facie showing that it was not present at the work site on the date of the plaintiff's accident, the defendant third-party plaintiff City of New York presented, inter alia, a daily field report prepared by a supervisor employed by the general contractor for the project, indicating that several employees from an entity referred to as "Tri-State" worked at the site on the date in question. The Supreme Court did not err in considering this document in opposition to the motion, since it bore indicia of reliability, it was submitted before discovery had been conducted in the action, and any problems regarding its admissibility could be remedied at or before trial (*see generally Asare v Ramirez*, 5 AD3d 193 [2004]; *Josephson v Crane Club*, 264 AD2d 359 [1999]; *Jamaica Pub. Serv. Co. v La Interamericana Compania De Seguros Generales*, 262 AD2d 73 [1999]; *Chin v Ademaj*, 188 AD2d 579 [1992]). Moreover, since the report raised genuine factual questions which could properly be investigated during pretrial disclosure, the court did not improvidently exercise its discretion in denying the motion with leave to renew upon the completion of discovery (*see* CPLR 3212 [f]; *see e.g. Peppas v City of New York*, 6 AD3d 596 [2004]). Schmidt, J.P., Mastro, Fisher and Dillon, JJ., concur.