■ SEAN FRANKLIN et al., Respondents, v 2 GUYS FROM LONG POND, INC., et al., Appellants. [858 NYS2d 186]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 18, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Sean Franklin was injured when his vehicle

struck the right rear side of a disabled truck owned by the defendant 2 Guys From Long Pond, Inc., and operated by the defendant Michael Verbovsky, which was stopped in the southbound left lane of the Tappan Zee Bridge at around 5:00 A.M. on December 2, 2005. Verbovsky experienced a sudden emergency when his steering wheel became inoperable as he was driving in the southbound right lane, causing the truck to veer to the left. After bringing the truck to a stop in the left lane of the highway, Verbovsky activated his emergency flashers, exited the truck, and placed three reflective triangles behind the truck to warn oncoming motorists.

The injured plaintiff commenced this action to recover damages for the injuries he sustained in the accident, and his wife asserts a derivative claim. Prior to the completion of discovery, the defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that there was no evidence of their negligence. The Supreme Court denied the motion, holding the injured plaintiff, who suffered from amnesia as a result of the accident, to a lesser standard of proof, and finding the existence of issues of fact. We affirm.

A rear-end collision with a lawfully stopped vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and requires the operator of the moving vehicle to provide a non-negligent explanation for the collision (*see Gregson v Terry*, 35 AD3d 358 [2006]; *Carhuayano v J&R Hacking*, 28 AD3d 413 [2006]). Viewing the evidence in the light most favorable to the plaintiffs, affording them the benefit of every favorable inference (*see Sampino v Crescent Assoc., LLC*, 34 AD3d 779 [2006]), and applying the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) to hold the amnesiac plaintiff to a lesser standard of proof, we find that, in response to the defendants' prima facie showing of their entitlement to judgment as a matter of law, the plaintiffs raised a triable issue of fact as to whether the defendants violated Vehicle and Traffic Law § 375 (17) and 49 CFR 392.22 and 393.95 when Verbovsky failed to set the reflective triangles in place at the required distance from the truck (*see Tepoz v Sosa*, 241 AD2d 449 [1997]; *Goode v Meyn*, 165 AD2d 436 [1991]). To the extent that, as the defendants assert, some of the evidence submitted by the plaintiffs in opposition to the motion was not in admissible form, nonetheless, it was properly considered in opposition to the motion for summary judgment which was made before the completion of discovery (*see Guzman v Strab Constr. Corp.*, 228 AD2d 645 [1996]; *cf. Hernandez v City of New York*, 35 AD3d 812 [2006]).

The defendants' remaining contentions are without merit. Lifson, J.P., Florio, Angiolillo and Chambers, JJ., concur.