■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAUNA M. HAMILTON, Appellant. [954 NYS2d 686]—

Stein, J. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered February 25, 2011, convicting defendant upon her plea of guilty of the crime of grand larceny in the third degree.

Defendant was charged with several crimes arising out of her participation in multiple automobile break-ins. In full satisfaction of the charges, defendant waived indictment and pleaded guilty to a superior court information charging her with one count of grand larceny in the third degree. Consistent with the plea agreement, County Court thereafter sentenced defendant, as relevant here, to 2 to 4 years in prison, to be served as a sentence of parole supervision within the Willard substance abuse treatment program. Defendant now appeals, arguing that her sentence has not been executed as ordered by County Court and seeking an order from this Court directing that she be placed into the Willard program or released from incarceration to parole supervision.

To the extent that defendant argues that her plea was not knowing and voluntary, inasmuch as the record does not indicate that she moved to withdraw her guilty plea or to vacate the judgment of conviction, such argument is not preserved for our review (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Leszczynski*, 96 AD3d 1162, 1162 [2012], *lv denied* 19 NY3d 998 [2012]). Moreover, defendant was sentenced in accordance with her plea agreement and she does not allege that the sentence is otherwise illegal or unauthorized. Accordingly, insofar as any such relief is sought, we perceive no basis upon which to modify

the sentence or reverse her judgment of conviction. While we do not condone the alleged failure of the Department of Corrections and Community Supervision to comply with County Court's sentencing order, defendant's proper remedy would be a proceeding pursuant to CPLR article 78 seeking to compel the agency to do so* (*see People v Rivera*, 46 AD3d 291, 292 [2007], *lv denied* 10 NY3d 770 [2008]; *see also Matter of Bailey v Joy*, 11 Misc 3d 941, 942 [2006]).

Mercure, J.P., Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

* Moreover, in view of the fact that defendant was released to parole supervision in September 2012, her arguments in this regard are arguably moot (*see Matter of Adams v New York State Div. of Parole*, 89 AD3d 1267, 1268 [2011]).