*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 28, 2016                    106788
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

AARON P. RUDDY,
                    Appellant.
_____

Calendar Date:  December 8, 2015

Before:  McCarthy, J.P., Garry, Rose and Clark, JJ.

_____

        Cheryl L. Sovern, Clifton Park, for appellant.

        M. Elizabeth Coreno, Special Prosecutor, Saratoga Springs,
for respondent.

_____

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered May 19, 2011, convicting defendant
upon his plea of guilty of the crime of criminal possession of a
forged instrument in the second degree (two counts).

        In satisfaction of the charges contained in a superior
court information, defendant pleaded guilty to two counts of
criminal possession of a forged instrument in the second degree.
He also executed a written waiver of the right to appeal.  Under
the terms of the plea agreement, he was to be sentenced to two
consecutive terms of 3 to 6 years in prison to be served under
parole supervision as part of the Willard drug treatment program
pursuant to CPL 410.91.  Defendant was subsequently sentenced as
a second felony offender in accordance with the terms of the plea
agreement.  He now appeals.

Defendant argues, among other things, that County Court's imposition of consecutive sentences of parole supervision under CPL 410.91 was illegal. Insofar as defendant's claim implicates the legality of the sentence, it is not precluded by his waiver of the right to appeal (see People v Callahan, 80 NY2d 273, 280 [1992]; People v Martinez, 130 AD3d 1087, 1088 [2015], lv denied 26 NY3d 1010 [2015]). We, nevertheless, find it to be without merit. A sentence of parole supervision imposed pursuant to CPL 410.91 is "an indeterminate sentence of imprisonment" (CPL 410.91 [1]; see People ex rel. Berman v Artua, 63 AD3d 1436, 1437 [2009]). A second felony offender convicted of criminal possession of a forged instrument, a class D felony (see Penal Law § 170.25), may receive an indeterminate sentence having a minimum term of between 2 and 3½ years and a maximum term of between 4 and 7 years (see Penal Law § 70.06 [3] [d]; [4] [b]). Here, defendant was sentenced to a term of 3 to 6 years on each count of criminal possession of a forged instrument in the second degree, which was well within the authorized sentencing range. County Court directed the sentences to run consecutively because they were based upon separate criminal acts (see People v Howland, 130 AD3d 1105, 1105 [2015], lv denied ___ NY3d ___ [Dec. 15, 2015]). The fact that the sentences exceeded the statutory minimum and maximum terms when added together does not render them illegal.

In addition, contrary to defendant's claim, the record reveals that the amended uniform sentence and commitment form is consistent with County Court's pronouncement at sentencing. To the extent that defendant argues that the Department of Corrections and Community Supervision improperly released him to parole supervision following his completion of the Willard drug treatment program in violation of County Court's sentencing directive, his proper remedy is to commence a CPLR article 78 proceeding against that agency (see People v Hamilton, 100 AD3d 1267, 1268 [2012]).

McCarthy, J.P., Garry, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court