People v Blount (2018 NY Slip Op 04602)





People v Blount


2018 NY Slip Op 04602


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

108649

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RESEAN BLOUNT, Appellant.

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Mitchell S. Kessler, Cohoes, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal, by permission, from an order of the County Court of Albany County (Herrick, J.), rendered July 12, 2016, which denied defendant's motion pursuant to CPL 440.20 to set aside his sentence, without a hearing.
In 2012, defendant was convicted, as pertinent here, of eight counts of criminal possession of a forged instrument in the second degree for his participation in a forgery scheme with a codefendant. Defendant was thereafter sentenced to prison terms of 3 to 6 years on each count, one of which was to run consecutively to the remaining seven, which were to run concurrently with each other. After this Court affirmed defendant's conviction upon appeal (129 AD3d 1303 [2015]), he filed a pro se motion pursuant to CPL 440.20 arguing that the sentences on his convictions of criminal possession of a forged instrument in the second degree violated Penal Law § 70.25 (2). County Court denied the motion without a hearing and defendant, by permission, appeals.
Defendant's sole contention upon appeal is that County Court was required to impose concurrent sentences on each of his convictions of criminal possession of a forged instrument in the second degree. Sentences on multiple convictions must run concurrently where the "offenses [are] committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other" (Penal Law § 70.25 [2]). However, "even if the statutory elements of multiple offenses overlap, sentences may be imposed to run consecutively when multiple offenses are committed through separate and [*2]distinct acts, though they are part of a single transaction" (People v Ramirez, 89 NY2d 444, 451 [1996]; accord People v McKnight, 16 NY3d 43, 47-48 [2010]; see People v Velazquez, 125 AD3d 1063, 1064 [2015], lv denied 25 NY3d 993 [2015]). Contrary to defendant's contentions, "[t]he test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent" (People v Day, 73 NY2d 208, 212 [1989] [internal quotation marks and citations omitted]). A court is not required to impose the same prison term on multiple convictions and "may, as here, separate the prison terms into groups, with the terms to be served concurrently within the group and consecutively to one or more other groups" (People v Morrison, 290 AD2d 808, 809 [2002], lv denied 98 NY2d 653 [2002]).
Here, the evidence adduced at trial established that seven of defendant's eight convictions of criminal possession of a forged instrument in the second degree arose from his possession of credit card receipts dated January 24, 2011. These receipts revealed that defendant had used the credit card of a California resident to make various purchases. The sentences on these convictions were imposed to run concurrently with each other. The remaining conviction arose from defendant's possession, on January 25, 2011, of a forged debit/gift card that had been encoded with a separate debit/credit card number, involving a different victim. As this conviction was thus based upon separate and distinct acts by defendant, we find no error in County Court's direction for the corresponding sentence to run consecutively to the others (see Penal Law § 70.25 [2]; People v Ruddy, 135 AD3d 1241, 1242 [2016], lv denied 27 NY3d 1075 [2016]; People v Rodney, 79 AD3d 1363, 1365 [2010], lv denied 19 NY3d 1105 [2012]).
Egan Jr., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed.